UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

x------------------------------------------------------------x

    Martin Sabba and Annette Sabba,

                             Plaintiffs,

    vs.

    Matthew Pambianchi, John Pambianchi,       03-CV-97 (MRK)
    Eileen Pambianchi and Chrysler Financial
    Corporation

                             Defendants.

x------------------------------------------------------------x

**PROPOSED AMENDED FORM 26(F)
REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed:             January 14, 2003

Date Complaint Served:          March 3, 2003

Date of Defendant*s Appearance:   March 31, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on April 22, 2003. The participants were:

Harold R. Burke for plaintiffs. Royce Vehslage for defendants.

I.    Certification:

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties* claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.    Jurisdiction:

    A.    Jurisdiction - No issues regarding personal or subject matter jurisdiction exist in this matter.

III. Brief Description of Case:

    A. Claims of Plaintiff(s): Plaintiffs were injured when they struck a motor vehicle which made a left hand turn in front of their motorcycle. Plaintiffs claim that Matthew Pambianchi negligently operated the vehicle registered to his parents, John and Eileen Pambianchi, and leased by Chrysler Financial.

    B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant(s): Defendants claim that Martin Sabba failed to keep a proper lookout and is comparatively negligent.

IV Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiff, Martin Sabba, was operating a motorcycle southbound on Route 33 in Ridgefield, Connecticut at approximately 4:00 p.m. July 7, 2002. His wife, Annette Sabba, was a passenger on the motorcycle.
2. At the time, defendant Matthew Pambianchi, was operating a Jeep registered to his parents, John and Eileen Pambianchi, northbound on Route 33. Chrysler Financial is the owner of the vehicle and leases it to Mr. and Mrs. Pambianchi.
3. While in the vicinity of Olmstead Lane, Matthew Pambianchi, commenced a left hand turn into a private driveway. In so doing, he placed his vehicle into the Sabba's direction of travel. Martin Sabba struck the Jeep in the right rear section.
4. The section of Route 33 where the accident occurred has a posted speed limit of 35 MPH.
5. When the accident occurred, the road conditions were clear and dry.
6. Plaintiffs' motorcycle was in proper operating order and was being operated within the posted speed limit.

V. Case Management Plan

    A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth herein. As more fully set forth in the letter accompanying this report, plaintiffs sustained extensive injuries in this accident and their medical treatment is expected to continue well into next year.

    B.    Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.    Early Settlement Conference

    1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

    2.    The parties do not request an early settlement conference.

    D.    Joinder of Parties and Amendment of Pleadings

1. Plaintiff(s) should be allowed until June 30, 2003 to file motions to amend the pleadings. No additional parties are expected to be named.

2. Defendant(s) should be allowed until May 15, 2003 to file a response to the complaint. Defendant do not anticipate naming additional parties.

E. Discovery

1. The parties anticipate that discovery will be needed on the following subjects:

    a. the sequence of events at the time of the accident;
    b. the nature and extent of the physical injuries and economic losses sustained by the plaintiffs.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by May 15, 2003 and completed (not propounded) by **April15, 2004.**

3. Discovery will not be conducted in phases

4. The parties anticipate that the plaintiff(s) will require a total of 3 depositions of fact witnesses and that the defendant(s) will require a total of 3 depositions of fact witnesses. The depositions will commence by June 15, 2003 and be completed by February 15, 2004.

5. The parties will not request permission to serve more than twenty-five (25) interrogatories.

6. Plaintiff(s) intend to call expert witnesses at trial. Plaintiff(s) will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 30, 2003 as to liability and **January 31, 2004** as to damages. Depositions of any such experts will be completed by **March 31, 2004.**

7. Defendant(s) intend to call expert witnesses at trial. Defendant(s) will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 15, 2003 as to liability and **March 31, 2004** as to damages. Depositions of such experts will be completed by **April 15, 2004.**

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by: October 31, 2003 (preliminary) and **February 28, 2004** (final - subject to completion of medical treatment).

F. Dispositive Motions

No dispositive motions are anticipated.

9. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **May 31, 2004**

VI. Trial Readiness

The case will be ready for trial by **June 30, 2004**

As officers of the Court. undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiffs:   Martin Sabba and Annette Sabba

By: _____
        Harold R. Burke
Date:   October 27, 2003

Defendants: Matthew Pambianchi, John Pambianchi, Eileen Pambianchi and Chrysler Financial Corporation

By: *[signature]*
Royce Vehslage
Date: October 21, 2003