UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARTIN SABBA AND | : | |
| ANNETTE SABBA | : | NO. 3:03CV97(MRK) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MATTHEW PAMBIANCHI, | : | |
| JOHN PAMBIANCHI, EILEEN | : | |
| PAMBIANCHI and CHRYSLER | : | |
| FINANCIAL CORPORATION | : | |
| | : | |
| Defendants. | : | |

## SCHEDULING ORDER

Plaintiffs' Motion to Amend Scheduling Order (Doc. #16), dated October 17, 2003, is GRANTED to the following extent:

1. **Discovery:** All discovery, including all discovery relating to expert witnesses, will be completed (not just propounded) by **May 15, 2004**:

   **NOTE: All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Before filing any motion relating to discovery, the parties are required to jointly confer with the Court by telephone, 203-773-2022.**

2. **Expert Discovery**: Plaintiffs' expert reports will be served by **February 29, 2004**. All depositions of plaintiff's experts will be completed by **April 30, 2004**. Defendant's experts reports will be served by **April 30, 2004**, and all depositions of defendant's experts will be completed by **May 15, 2004**.

3. **Dispositive Motions:** Dispositive motions, if any, including all motions to exclude testimony of experts pursuant to Fed. R. Evid. 702-05 and the *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) line of cases shall be filed by **June 1, 2004**.

4. **Trial Memorandum:** If no dispositive motions are filed, the Parties' Joint Trial Memorandum (instructions are attached) is due **June 30, 2004**. If dispositive motions are filed, the Joint Trial Memorandum is due 30 days after the Court's decision on the dispositive motion.

5. **Trial Ready Date:** If no dispositive motions are filed, the case will be considered trial ready on **June 30, 2004**. If dispositive motions are filed, the case will be considered trial ready immediately after the filing of the parties' Joint Trial Memorandum.

6. **Status Conference:** A TELEPHONIC STATUS CONFERENCE WILL BE HELD ON **MAY 27, 2004 AT 4:45 p.m.** Plaintiff's counsel will initiate the conference call. The parties will submit a joint status report (instructions attached) to Chambers no later than **May 20, 2004**.

**NO MODIFICATIONS OF THESE DEADLINES WILL BE GRANTED ABSENT A SHOWING OF GOOD CAUSE WHICH REQUIRES A PARTICULARIZED SHOWING THAT THE PARTY SEEKING THE EXTENSION HAS ACTED WITH DUE DILIGENCE AND THAT THE REASONS FOR THE MODIFICATION COULD NOT REASONABLY HAVE BEEN ANTICIPATED BY THE PARTIES WHEN THEY FILED THEIR PROPOSED CASE MANAGEMENT PLAN.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
U.S.D.J.

**Dated at New Haven, Connecticut:** February 9, 2004.

RE:     **CASE NO. 3:03cv97 (MRK)**
----------------------------------------------------------------

TO:     **COUNSEL OF RECORD:**


----------------------------------------------------------------

On or before **May 20, 2004,**

THE PARTIES SHALL FILE WITH THE CLERK'S OFFICE [with certification copies sent to all counsel of record] AN ORIGINAL JOINT STATUS REPORT, STATING THE FOLLOWING:

     (a)  THE STATUS OF THE CASE, IDENTIFYING ANY PENDING MOTIONS, OR ANY CIRCUMSTANCES POTENTIALLY INTERFERING WITH THE PARTIES' COMPLIANCE WITH THE SCHEDULING ORDER;

     (b)  INTEREST IN REFERRAL FOR SETTLEMENT PURPOSES TO A UNITED STATES MAGISTRATE JUDGE OR TO THE DISTRICT`S SPECIAL MASTERS PROGRAM;

     (c)  WHETHER THE PARTIES WILL CONSENT TO A TRIAL BEFORE A MAGISTRATE JUDGE; AND

     (d)  THE ESTIMATED LENGTH OF TRIAL.

NO STATUS REPORTS WILL BE ACCEPTED VIA FACSIMILE.


                         BY ORDER OF THE COURT
                         KEVIN F. ROWE, CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**JOINT TRIAL MEMORANDUM - INSTRUCTIONS**
**FOR THE HONORABLE MARK R. KRAVITZ** (rev. 1/04)

The parties shall confer and shall jointly prepare and submit for the Court's approval a Joint Trial Memorandum in compliance with Local District Civil Rule 6 and the District's Standing Order Regarding Trial Memoranda in Civil Cases as modified in these instructions. **In addition to filing an original of the Joint Trial Memorandum with the Clerk of the Court, counsel shall also provide Chambers with a courtesy copy of the Joint Trial Memorandum and all attachments, both in hard copy and on a 3 ½" computer diskette in WordPerfect 10.0 format.** The Joint Trial Memorandum is intended to be a jointly prepared document. Therefore, these Instructions are not satisfied by stapling together trial memoranda prepared separately by counsel for each party.

The Joint Trial Memorandum shall contain the following information:

(1) <u>TRIAL COUNSEL</u>: Counsel shall list the names, addresses, telephone numbers, fax numbers and e-mail addresses of the attorney(s) who will try the case. **Trial counsel must attend the Final Pretrial Conference, unless excused in advance by the Court.**

(2) <u>JURISDICTION</u>: Counsel shall set forth the basis for federal jurisdiction.

(3) <u>JURY/NON-JURY</u>: Counsel shall state whether the case is to be tried to a jury or to the court.

(4) <u>LENGTH OF TRIAL</u>: Counsel shall set forth a realistic estimate of trial days required based on the expected length of testimony for each witness on both direct and cross-examination.

(5) <u>FURTHER PROCEEDINGS</u>: Specify, with reasons, the necessity of any further proceedings prior to trial.

(6) <u>NATURE OF CASE</u>: Counsel for both parties shall separately state the nature of each cause of action and the relief sought. If appropriate, state the nature of any cross-claims, counterclaims and/or affirmative defenses.

(7) <u>TRIAL BY MAGISTRATE JUDGE</u>: Counsel shall indicate whether they have agreed to a trial by a Magistrate Judge and if so, file signed consent forms providing for any appeal to be heard directly by the Court of Appeals.

(8) <u>EVIDENCE</u>: **Prior to preparing and submitting the Joint Trial Memorandum, counsel are required to exchange lists of proposed witnesses, exhibits and deposition transcripts to enable counsel for each party to state in the Joint Trial Memorandum whether they object to any proposed witness, exhibit or transcript.**

(a) <u>Witnesses</u>: Counsel shall set forth the names and addresses of each witness to be called

at trial, including a brief summary of the anticipated testimony and the expected duration of the witness's testimony. Counsel shall indicate which witnesses are likely to testify and which witnesses will be called only if the need arises. For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Also state the area of the witness's expertise and attach a copy of the expert's report and a curriculum vitae, if available.

Any objection to the admissibility of the testimony of any witness must be stated in this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the witness regarding admissibility.

**NOTE: Witnesses not included in this list shall not be permitted to testify at trial, except for good cause shown. All listed witnesses will be permitted to testify unless there is an explicit objection stated to the witness's testimony.**

(b) <u>Exhibits</u>: Counsel shall attach a list of all exhibits – including a brief description of their contents – to be offered at trial. The parties shall mark all exhibits numerically with exhibit tags (which will be provided by the Clerk's Office upon request) starting with Plaintiff's Exhibit "1" and Defendant's Exhibit "501." Where there are multiple plaintiffs or defendants, counsel shall coordinate exhibit identification to ensure that exhibit numbers are not duplicated. Copies of the actual exhibits shall be exchanged no later than seven (7) days prior to submission of the Joint Trial Memorandum. **Copies of all exhibits as to which there may be objections must be brought to the Final Pretrial Conference.** Three (3) days before trial, counsel shall deliver to Judge Kravitz copies of all exhibits placed in a three-ring binder with a copy of the exhibit list at the front of the binder and with each exhibit separately tabbed, and shall deliver to the Courtroom Deputy the original set of exhibits along with an exhibit list pursuant to Local District Civil Rule 14(b).

Any objection to the admissibility of any exhibit must be stated in this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the exhibit regarding admissibility.

**NOTE: Exhibits not listed will not be admitted at trial, except for good cause shown. All listed exhibits shall be deemed admissible unless there is an explicit objection stated to the exhibit.**

(c) <u>Deposition Testimony</u>: Counsel shall list each witness who is expected to testify by deposition at trial. Such list will include a designation by page references of the deposition transcript which each party proposes to read into evidence. Cross-designations shall be listed as provided by Fed. R. Civ. P. 32(a)(4). The list shall include all objections to deposition designations. A marked-up version of the deposition transcript should also be submitted along

with the Joint Trial Memorandum (blue for plaintiff; red for defendant).

**NOTE: Objections not stated in the Joint Trial Memorandum will be deemed waived, except for good cause shown.**

(9) *STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW*: Counsel for both parties shall confer in an effort to enter into a written stipulation of uncontroverted facts and into an agreed statement of the contested issues of fact and law.

   (a)   *Bench Trial*: Each party shall submit specific proposed findings of fact necessary to support a judgment in that party's favor, identifying each witness and/or exhibit as to each factual conclusion. Each party shall also submit proposed conclusions of law, citing the legal authority that supports each claim or defense.

   Except under unusual circumstances, post-trial briefing will not be permitted. Any pre-trial memoranda which any party (ies) wish the Court to consider must be filed no later than seven (7) days prior to the date trial commences.

   (b)   *Jury Trial*: The stipulation of uncontroverted facts will be read to the jury, and no evidence shall be presented on the uncontested facts.

   (1)   *Proposed Voir Dire Questions*: Counsel shall attach a list of questions to be submitted to the jury panel as part of the Joint Trial Memoranda, with any supplements no later than 24 hours before jury selection.

   (2)   *Proposed Jury Instructions*: The parties shall meet and confer for the purposes of preparing and filing jury instructions. Counsel shall attach (and also include on the diskette) requests for jury instructions, citing relevant legal authority for each proposed instruction. Counsel are <u>not</u> required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, etc. If any party objects to another party's proposed instruction, counsel must briefly state the nature of the objection and the legal authority supporting the objection.

   (3)   *Proposed Verdict Form*: Counsel shall meet and confer for the purposes of preparing and filing a proposed verdict form and/or special interrogatories. Counsel shall attach (and also include on the diskette) proposed verdict forms and any proposed special interrogatories. If the parties are unable to agree as to the appropriateness of a proposed form, counsel for the objecting party must state the basis for the objection and provide an alternative proposal (on a diskette).

   (4)   *Brief Description of Case and Parties*: Counsel shall meet and confer and agree upon a brief description of the case, the issues and the parties that the

      Court can read to proposed jurors at the outset of jury selection.

(10)   <u>ANTICIPATED EVIDENTIARY PROBLEMS</u>: Counsel shall list any evidentiary problems anticipated by any party and shall attach to the Joint Trial Memorandum motions in limine along with memoranda of law concerning any anticipated evidentiary problems, including any issues relating to the admissibility of expert testimony under Fed. R. Evid. 702-05 and the *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) line of cases. All memoranda in opposition to any motion in limine must be filed within seven (7) days of the date on which the Joint Trial Memorandum is filed and in any event no later than 3 days before the Final Pretrial Conference.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**INSTRUCTIONS REGARDING TELEPHONIC DISCOVERY
CONFERENCES BEFORE HONORABLE MARK R. KRAVITZ (rev. 1/04)**

The standard scheduling order that Judge Kravitz enters in cases before him provides as follows: "All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Before filing any motion relating to discovery, the parties are required to jointly confer with the Court by telephone, 203-773-2022."

Parties seeking to confer with Judge Kravitz telephonically regarding discovery disputes must comply with the following requirements:

1. Counsel for parties to discovery disputes must jointly contact Judge Kravitz's Chambers to set up a date and time for the telephonic conference. Except in extraordinary circumstances, Chambers staff will not entertain a request to schedule a telephonic conference unless counsel for all parties to the discovery dispute are on the telephone when the request is made to Chambers so that a date and time for the conference can be selected at that time.

2. Before contacting Chambers to schedule a telephonic discovery conference, counsel for parties to any discovery dispute are required by Rule 37(a)(2) of the Federal Rules of Civil Procedure and Local Rule 37(a)(2) to have conferred with one another and to have made a good faith effort to eliminate or reduce the area of controversy. All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Judge Kravitz interprets the good faith conference obligation of the Federal Rules and Local Rules to require counsel to confer either face-to-face or by telephone; exchanges of correspondence are not sufficient in and of themselves to satisfy counsel's good faith conference obligations. At the outset of the telephonic discovery conference, Judge Kravitz will require counsel for each party to the discovery dispute to certify orally that they have complied with their good faith conference obligations under the Federal Rules and Local Rules.

3. Before seeking a telephonic discovery conference, counsel for all parties to a discovery

dispute must also agree upon the issues that they intend to raise with Judge Kravitz and inform Chambers of those issues at the time the telephonic conference is scheduled. If the parties cannot in good faith agree upon the issues to be raised with Judge Kravitz, they shall so notify Chambers when they request a telephonic discovery conference.

4. If the dispute involves a written interrogatory, request for production, request for admission, deposition notice and/or subpoena (the " discovery request"), counsel for the party who served the discovery request at issue will, immediately following the telephone call requesting the conference, provide Chambers via facsimile with a copy of the particular discovery request at issue and the opposing party's written response to that particular request. Judge Kravitz does not need the entire discovery request and response but requires only the particular portions of the discovery request and response at issue. Before faxing a copy of the disputed request(s) and response(s) to Judge Kravitz, counsel for the party seeking to fax the disputed request must inform Chambers of counsel's intent to fax Judge Kravitz a copy of the disputed request.

5. Other than the request at issue, Judge Kravitz does not require, and does not want, counsel for the parties to provide him with any briefs, documents, deposition transcripts, correspondence or written argument regarding the discovery issue in dispute. If Judge Kravitz requires briefs or other papers, he will establish a briefing schedule during the telephonic discovery conference.

6. Counsel should agree in advance on which party will be responsible for instituting the telephonic discovery conference. Counsel should not contact Judge Kravitz's Chambers until counsel for all parties to the discovery dispute are on the telephone. Failure to participate in a scheduled telephonic discovery conference may result in the imposition of sanctions.