UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

x--------------------------------------------------------x
    Martin C. Sabba and
    Annette Sabba,
                         Plaintiffs,

              vs.                    03-CV-97 (MRK)

    Matthew J. Pambianchi,
    John Pambianchi and
    Chrysler Financial Corporation
                                       January 12, 2005
                         Defendants.
x--------------------------------------------------------x

## SECOND AMENDED COMPLAINT

### Count One

Plaintiffs, Martin C. Sabba and Annette Sabba, through their attorneys, Stewart M. Casper and Harold R. Burke, and complaining of the defendants, for their second amended complaint allege the following. This pleading is submitted without opposition.

1.      Plaintiffs, Martin C. Sabba and Annette Sabba are husband and wife and are citizens of the State of New York.

2.      At all relevant times herein, defendant, Matthew J. Pambianchi, was a minor, a citizen of the State of Connecticut and resident of Ridgefield, Connecticut. At all relevant times herein, he operated a Jeep Cherokee vehicle owned by Chrysler Financial Corporation ("the Jeep") which was leased by his father, defendant John Pambianchi. Matthew Pambianchi was an authorized operator of the Jeep and operated the vehicle with his father's permission.

3.      Upon information and belief, defendant, John Pambianchi, is a citizen of the State of

Connecticut and resides in Ridgefield, Connecticut.  He is the father of Matthew Pambianchi.

4. Upon information and belief, defendant, Chrysler Financial Corporation ("Chrysler") is incorporated in the State of Michigan and has its principal place of business within that state.  Chrysler is the owner of the Jeep and leases said vehicle to John Pambianchi.

5. Jurisdiction is predicated upon 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. At approximately 4:30 p.m. on July 7, 2002, Matthew Pambianchi was operating the Jeep northbound on Route 33 in Ridgefield, Connecticut.  Route 33 is also known as Wilton Road.

7. At the same time, Martin Sabba was operating a motorcycle in the southbound lane of Route 33.  His wife, Annette Sabba, was a passenger on said motorcycle.

8. As Martin Sabba was approaching the entrance to 347 Wilton Road, Matthew Pambianchi proceeded to turn left toward the driveway entrance to this address.  By making this left hand turn, Matthew Pambianchi placed his vehicle directly in the path of the Sabba's motorcycle.  Martin Sabba braked in an attempt to stop, but being unable to avoid the Jeep, he collided with the right side of the Jeep.

9. As a result of the collision, Annette Sabba was thrown from the motorcycle and sustained injuries as more fully described herein.

10. Martin Sabba remained with the motorcycle as it collided with the Jeep and sustained injuries as more fully described herein.

11. The collision was due to the negligence and carelessness of Matthew Pambianchi in one or more of the following ways in that:

    a. He failed to operate his vehicle entirely within a single traffic lane in violation of

       Connecticut General Statutes § 14-236;

  b. He failed to ascertain that he could safely turn his vehicle from the right lane in violation of Connecticut General Statutes § 14-236;

  c. He failed to grant Martin Sabba the right of way in violation of Connecticut General Statutes § 14-242(e);

  d. He failed to keep and operate his vehicle under reasonable and proper control; and,

  e. He failed to keep a proper lookout for other vehicles being operated upon the highway.

12. As a result of the collision and the carelessness and negligence of Matthew Pambianchi, the bones in Martin Sabba's wrists were shattered and his liver was lacerated. He was hospitalized on several occasions during which time his wrists were surgically reconstructed and he underwent exploratory abdominal surgery. Subsequent to the initial hospitalization he developed an abdominal infection which resulted in the surgical removal of his gall bladder. His injuries have caused extensive and permanent scarring. He has sustained severe and permanent injuries to his body which have caused great pain, intense suffering, disability, emotional distress and a diminution of his pleasure and enjoyment of life. He has been obligated to expend money for his medical care and will be obligated to expend money for the same in the future.

13. As a further result of the injuries Martin Sabba sustained as a result of the collision and the carelessness and negligence of Matthew Pambianchi, Martin Sabba has expended money for the performance of personal services which would not otherwise have been incurred and he also suffered the loss of a pre-paid vacation.

14. As a further result of the collision and the carelessness and negligence of Matthew Pambianchi, Martin Sabba's motorcycle sustained extensive damage and his personal riding gear was destroyed.

15. As a further result of the collision and the carelessness and negligence of Matthew Pambianchi, Martin Sabba has been deprived of Annette Sabba's services, companionship and consortium.

16. John Pambianchi is liable to Martin Sabba for his injuries and damages pursuant to Connecticut General Statutes § 52-182.

17. Chrysler is liable to Martin Sabba for his injuries and damages pursuant to Connecticut General Statutes § 14-154a.

Count Two

18. Paragraphs 1 through 11 of the First Count are hereby realleged in this Second Count as if fully set forth herein.

19. As a result of the collision and the carelessness and negligence of Matthew Pambianchi, Annette Sabba sustained a tri-malleolar fracture of her left ankle, torn ankle ligaments, a fractured right hand, two fractured ribs, extensive abrasions and bruising and a concussion. During her hospitalization her left ankle was surgically reconstructed. She has sustained severe and permanent injuries to her body which have caused scarring, great pain, intense suffering, disability, emotional distress and a diminution of her pleasure and enjoyment of life. She has been obligated to expend money for her medical care and will be obligated to expend money for the same in the future.

20. As a further result of the injuries Annette Sabba sustained as a result of the collision and the carelessness and negligence of Matthew Pambianchi, she suffers from the effects of the concussion

4

which includes, difficulty with short term memory, difficulty with speech, difficulty summoning words and difficulty responding to stressful situations.

21.  As a further result of the injuries Annette Sabba sustained as a result of the collision and the carelessness and negligence of Matthew Pambianchi, she has suffered a loss of income.

22.  As a further result of the collision and the carelessness and negligence of Matthew Pambianchi, Annette Sabba her personal riding gear was destroyed.

23.  As a further result of the collision and the carelessness and negligence of Matthew Pambianchi, Annette Sabba has been deprived of Martin Sabba's services, companionship and consortium.

24.  John Pambianchi is liable to Annette Sabba for her injuries and damages pursuant to Connecticut General Statutes § 52-182.

25.  Chrysler is liable to Annette Sabba for her injuries and damages pursuant to Connecticut General Statutes § 14-154a.

WHEREFORE, plaintiffs demand judgment as follows:

1. Money damages in an amount in excess of Seventy-Five Thousand ($75,000.00), dollars exclusive of interest and costs;

2. Interest and costs of litigation;

3. Such other and further relief as this Court may deem appropriate;

4. A trial by jury is requested.


January 7, 2005                                             Martin Sabba and Annette Sabba


                                    By: _____
                                        Harold R. Burke
                                        Attorney for the plaintiffs,
                                        1458 Bedford Street
                                        Stamford, CT 06905
                                        (203) 325-8600
                                        Fed. Bar No. 03332

## CERTIFICATION

This is to certify that on this date a copy of the foregoing was mailed, postage prepaid to the following counsel of record.

>Royce L. Vehslage
>Genovese, Vehslage & Chapman
>500 Enterprise Drive
>Rocky Hill, CT 06067
>
>David J. Crotta, Jr., Esq.
>Mulvey, Oliver, Gould & Crotta
>83 Trumbull Street
>New Haven, CT  06511
>
>Kenneth J. Mulvey, Esq.
>Mulvey, Oliver, Gould & Crotta
>83 Trumbull Street
>New Haven, CT  06511

January 12, 2005                                    _____
                                                    Harold R. Burke