UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

x------------------------------------------------x
Martin C. Sabba and
Annette Sabba,

                   Plaintiffs,

vs.                               3:03CV97 (MRK)

Matthew J. Pambianchi,
John Pambianchi and
Chrysler Financial Corporation

                                JANUARY 13, 2005

                   Defendants.
x------------------------------------------------x

## PLAINTIFFS' MEMORANDUM OF LAW WITH RESPECT TO THE TESTIMONY OF JAY MERKER, M.D.

Plaintiff, Martin Sabba, by his attorneys, submits this memorandum of law with respect to the testimony of Jay Merker, M.D. Dr. Merker, a board certified gastroenterologist, is expected to testify as to Mr. Sabba's internal injuries and treatment. Accordingly, his testimony will primarily relate to his own observations, actions and review of Mr. Sabba's medical records. As detailed herein, any opinion Dr. Merker provides as to effect of the injuries is a matter of common scientific / medical knowledge as acknowledged by agencies of the United States government. A copy of Dr. Merker's disclosure is attached as Exhibit A.

I.    Background

On July 7, 2002, plaintiff Martin Sabba sustained serious orthopedic and abdominal injuries in a motor vehicle collision which is the subject of this lawsuit. He was initially diagnosed at Danbury Hospital with abdominal injuries consisting of a lacerated liver and torn bile duct. Following his discharge from Danbury Hospital on July 18, he was subsequently

admitted to North Shore - Long Island Jewish Hospital in New York where he was diagnosed with an abdominal infection which included the diagnosis of acute gangrenous cholecystitis, an infected gallbladder. During this hospitalization, his gallbladder was surgically removed. Through March, 2003, Mr. Sabba was hospitalized on several more occasions due to persistent abdominal infections. Dr. Merker was aware of all of these hospitalizations having made all non-emergency admissions.

Counsel for the Pambianchi defendants has stated that he does not object to Dr. Merker's recounting his treatment of Mr. Sabba. He has stated that an objection will be raised to testimony: 1) linking the removal of the gallbladder to the collision given the presence of a gallstone; and, 2) the potential effects of the gallbladder removal on Mr. Sabba's lifestyle.

Dr. Merker was not previously disclosed as an expert witness given that this testimony was anticipated to pertain to his observations and treatment of Mr. Sabba.

II.   ARGUMENT

    A.   DR. MERKER'S TESTIMONY REGARDING THE NEED TO REMOVE THE GALLBLADDER IS ADMISSIBLE

Dr. Merker's testimony regarding the need to remove Mr. Sabba's gallbladder will not constitute opinion testimony. As reflected in the medical records, the decision to remove the gallbladder was made by Dr. Douglas Held who made the diagnosis of acute gangrenous cholecystitis and performed the surgery. As it relates to Mr. Sabba's treatment, Dr. Merker will explain what this diagnosis means and the recognized causes of this condition, which include trauma and inflamation due to gallstones. He, as well as Mr. Sabba, will testify that prior to the collision, Mr. Sabba was asymptomatic for gallstones.

In determining whether Dr. Merker is an expert from whom a report is required, or

whether he is a treating physicians from whom no report is necessary, "the determinative issue is the scope of the proposed testimony." *See Wreath v. United States,* 161 F.R.D. 448, 450 (D.Kan.1995).

In *Wreath,* Magistrate Judge Ronald C. Newman explained that a treating physician is not always a specially retained expert witness for purposes of Rule 26(a)(2)(B) to the extent the physician limits his or her testimony to the patient's care and treatment. The physician is not "specially retained" despite the fact that the witness may offer opinion testimony under Fed.R.Evid. 702, 704 and 705. On the other hand, when the proposed testimony extends beyond the facts made known to the physician during the course of the patient's care and treatment, and the witness is specifically retained to develop opinion testimony, he or she becomes subject to Rule 26(a)(2)(B). A treating physician need not be disclosed as an expert from whom a report is required when the physician is to testify regarding information acquired not "in preparation for trial but rather because he was an actor or viewer with respect to the transactions or occurrences that are part of the subject matter of the lawsuit." Patel v. Gayes, 984 F.2d 214, 217 (7th Cir.1993). Accordingly, a treating physician may testify about that which is related to and learned through actual treatment of the plaintiff, and which is based on his or her "personal knowledge of the examination, diagnosis and treatment." *Mangla v. Univ. of Rochester,* 168 F.R.D. 137, 139 (W.D.N.Y.1996); *see also Starling v. Union Pacific R. Co.,* 203 F.R.D. 468 (D.Kan.,2001). In this case, Dr. Merker's testimony based upon his role as a treating physician should be treated similarly.

B.  MEDICAL FACTS ACKNOWLEDGED BY THE GOVERNMENT ARE ADMISSIBLE.

Dr. Merker's anticipated testimony regarding the function of the gallbladder and the effects of its removal are medical facts recognized by the United States government. As such, testimony of these issues would not constitute a medical opinion but rather would be information amenable to judicial notice under FRE 201. Alternatively, documentation prepared by the United States government on these issues would be admissible as public records under FRE 902(5).

Attached as Exhibit B and C are copies of documents obtained via the internet through MedlinePlus, a service of the United States National Library, and the National Institutes of Health. These two exhibits discuss the function of bile, a digestive salt stored in the gallbladder, and the effects of gallbladder removal. Thus, as the United States government has provided informational statements on these issues, Dr. Merker's testimony on these points cannot be considered medical opinion testimony.

A court is permitted to take judicial notice of facts not subject to reasonable dispute that are either generally known within the jurisdiction of the court or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned. FRE 201. Public records and government documents are generally considered "not to be subject to reasonable dispute." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). Documents obtained from government internet sites are considered reliable sources under FRE 201. *U.S. ex rel. Dingle v. Bioport Corp.*, 270 F.Supp. 968, 971-73 (W.D. Mich. 2003). Accordingly, the information contained in Exhibits A and B should be judicially noticed.

As factual information regarding the purpose of a human organ and the effects stemming from the removal of that organ are matters of common medical knowledge recognized by the

government, judicial notice is appropriate. Thus, any testimony by Dr. Merker as to the gallbladder does not stem from an opinion and should be deemed admissible.

                                                  Martin Sabba and Annette Sabba

                              By: _____
                                                  Harold R. Burke
                                                  Attorney for the plaintiffs,
                                                  1458 Bedford Street
                                                  Stamford, CT 06905
                                                  (203) 325-8600
                                                  Fed. Bar No. 03332

## CERTIFICATION

This is to certify that on this date a copy of the foregoing was mailed, postage prepaid to the following counsel of record.

>Royce L. Vehslage
>Genovese, Vehslage & Chapman
>500 Enterprise Drive
>Rocky Hill, CT 06067
>
>David J. Crotta, Jr., Esq.
>Mulvey, Oliver, Gould & Crotta
>83 Trumbull Street
>New Haven, CT 06511
>
>Kenneth J. Mulvey, Esq.
>Mulvey, Oliver, Gould & Crotta
>83 Trumbull Street
>New Haven, CT 06511

January 13, 2005

_____
Harold R. Burke